IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 19-20062-01-DDC |
| **LAVEIL D. MANSAW,** | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Defendant Laveil D. Mansaw has filed a document titled "Inaccurate Pre-Sentence Report." Doc. 70 at 2. The court construes his filing as a pro se[1] Motion to Correct his Presentence Report (Doc. 70). In his motion, Mr. Mansaw asks the court to remove paragraph 39 on page 16 of his Presentence Report. It discusses his juvenile record. Doc. 70 at 2. Mr. Mansaw argues that his juvenile information "should have been sealed and/or expunged" and that this information is preventing him from qualifying for a lower security level in the Bureau of Prisons. *Id.* The court dismisses Mr. Mansaw's motion and explains its reasoning, below.

Fed. R. Crim. P. 32(f)(1) allows a defendant 14 days to object to his Presentence Report after he receives it. Also, the court may revise any part of the record, including the Presentence Report, at any time to correct a clerical error. Fed. R. Crim. P. 36. Before sentencing, the court

---

[1] Because Mr. Mansaw brings this motion pro se, the court construes his documents liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (applying the standard of liberally construing pleadings "to all proceedings involving a pro se litigant"). Under that standard, if the court reasonably can read Mr. Mansaw's arguments to state a valid legal argument on which he could prevail, "it should do so despite the [litigant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with" legal proceedings. *Id.* at 1110. But the court does not assume the role of his advocate. *Id.*

may allow a party's new objection for good cause. Fed. R. Crim. P. 32(i)(1)(D). But an "objection to the Presentence Report after the time of sentencing is untimely and the Court may deny an untimely objection." *United States v. Cosgrove*, No. 00-20118-JWL, 2008 WL 5119679, at *1 (D. Kan. Nov. 26, 2008) (citing *United States v. Eastteam*, 426 F.3d 1301, 1303 (10th Cir. 2005)).

Here, the United States Probation Office filed Mr. Mansaw's Presentence Report on January 19, 2021. Doc. 53. On April 6, 2021, the court sentenced Mr. Mansaw to 60 months in the custody of the United States Bureau of Prisons. Doc. 61. Mr. Mansaw signed his current filing on August 11, 2022. Doc. 70 at 2. And the Clerk of the Court docketed it on October 4, 2022. Doc. 70. So, Mr. Mansaw's motion missed the 14-day window under Fed. R. Crim. P. 32(f)(1), comes after his sentencing, and requests a change of more than a clerical error.

Mr. Mansaw argues that the court has discretion to invoke its jurisdiction and waive the limitations imposed by Fed. R. Crim. P. 32(f)(1).[2] But he is mistaken. The Tenth Circuit explicitly has held that the district court doesn't have jurisdiction to decide a post-sentencing motion to amend or correct a Presentence Report. *See United States v. Fykes*, 733 F. App'x 950, 953 (10th Cir. 2018) (holding that "Rule 32 does not provide a jurisdictional basis for a district court to resolve on the merits a post-sentencing motion to amend the PSR").

In sum, because Mr. Mansaw filed his motion outside the 14-day window in Fed. R. Crim. P. 32(f)(1) and after sentencing, and because he seeks to correct more than a clerical error, the court holds it lacks jurisdiction to order an amendment of his Presentence Report.

---

[2] Mr. Mansaw cites the Federal Rules of Civil Procedure—and particularly Fed. R. Civ. P. 60(b)(6)—to support his contention. Doc. 73 at 1 (Def. Reply ¶ 2). But this part of the Federal Rules of Civil Procedure don't apply in a criminal proceeding. *See* Fed. R. Civ. P. 1 (explaining that these "rules govern the procedure in all *civil* actions and proceedings in the United States district courts" (emphasis added)); see also *United States v. Twitty*, 839 F. App'x 255, 258 (10th Cir. 2020) ("Rule 60(b), which is a rule of civil procedure, does not apply in criminal cases.").

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** Laveil D. Mansaw's Motion to Correct his Presentence Report (Doc. 70) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 29th day of November, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
